UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Carlos Rivera,

Petitioner,

vs. REPORT AND RECOMMENDATION

United States of America,

Respondent. Civ. No. 05-1854 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Carlos Rivera for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must (continued...)

## II. Factual and Procedural Background

In January of 2004, the Petitioner was convicted in the United States District Court for the District of Minnesota of having violated Federal drug laws. United States v. Rivera, Crim. No. 02-298 (03) (RHK/AJB). He was sentenced to seventy-eight (78) months in Federal prison, and he is currently serving his sentence at the Federal Correctional Institution, in Waseca, Minnesota. See Petition, p. 2, at ¶¶1-4, Docket No. 1. The Petitioner's conviction was affirmed, on direct appeal, by the United States Court of Appeals for the Eighth Circuit on June 6, 2005.[2] See United States v. Rivera, 410 F.3d 998 (8th Cir. 2005).

The Petitioner has never challenged his conviction or sentence in a Motion pursuant to Title 28 U.S.C. §2255. Id., p. 3, at ¶10. Rather, the Petitioner now seeks

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner." Although the Rules governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1 (9th Cir. 1989); Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

[2]The Petition erroneously represents that the Petitioner did not seek a direct appeal of his Judgment of conviction or the imposition of his sentence. Petition, p. 2, at ¶7.

to challenge his sentence in his Petition for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. In support of his Petition, the Petitioner claims that:

> (1) "Since now the [Federal Sentencing] Guidelines are advisory instead of mandatory," he should be given a new, lower sentence that would be closer to the sentences imposed on other individuals who allegedly committed similar crimes, but received shorter sentences; and
>
> (2) "Now that the Guidelines are advisory," he should be given a new, lower sentence that would be consistent with the Guideline's "Fast-Track Programs,"[3] in order to

---

[3]By way of background, "Fast-Track Programs" were recently addressed, in a recent law review article, as follows:

> Fast-track programs allow a prosecutor to offer a defendant a reduced sentence in exchange for a pre-indictment guilty plea. These programs have been used unofficially along the southwest border for several years. Official recognition of fast-track programs came in 2003, when Congress passed the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, [footnote omitted] which officially sanctioned the use of fast-track programs in limited circumstances. [Footnote omitted.] Not all districts are allowed to use these programs; fast-track may only be employed if a district has an exceptional circumstance that warrants the adoption of a fast-track program. [Footnote omitted.] In drug and immigration cases, approval likely will be reserved for districts along the southwest border. [Footnote omitted.] Implementation of the fast-track program means that

(continued...)

> "reduce unwarranted disparity between similar[ly] situated offenders."

Id., p. 3, at ¶ 9, and attachment.

The Petitioner has cited United States v. Booker, --- U.S. ---, 125 S.Ct. 738 (2005), in support of his Petition, id., p. 4, at ¶12, and it is readily apparent that both of his claims are based, at least in part, on Booker's pronouncement that the Federal Sentencing Guidelines are now "advisory," rather than mandatory.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner cannot raise his current challenges to his sentence in a Habeas Corpus Petition brought under Title 28 U.S.C. §2241.

---

[3](...continued)

> sentencing in southwest border districts is guaranteed to be different from sentencing in non-border districts. By creating a situation where the severity of the sentence depends only upon place of arrest, the fast-track program promotes disparity in sentencing. Accordingly, the program contravenes the spirit of the United States Sentencing Guidelines ("Sentencing Guidelines"), which were established to prevent disparity between similarly situated defendants.

Erin T. Middleton, Fast-Track to Disparity: How Federal Sentencing Policies Along the Southwest Border are Undermining the Sentencing Guidelines and Violating Equal Protection, 2004 UTAH L. REV. 827, 827-28.

## III. Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255. The fifth paragraph of Section 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion brought in the Trial Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255* * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241."). No Court has jurisdiction to hear such a challenge, under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * *

[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same).

Here, the Petitioner is clearly challenging the validity of the sentence imposed, in 2000, in his Federal criminal case. Since the Petitioner is directly contesting the sentence he received, the Petitioner is barred from bringing his claims in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention." The Petitioner has made no effort to show that a Section 2255 Motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why Petitioner should not be required to pursue that remedy.[4] Accordingly, Habeas Corpus relief is not available under Section 2241 for Petitioner's current claims.

---

[4]The Court recognizes that Petitioner is, in all likelihood, barred from pursuing a Motion for relief under Section 2255 by the doctrine of procedural default, because he failed to raise his current claims for relief in a direct appeal. See United States v. Frady, 456 U.S. 152, 164-65 (1982). However, even if Petitioner is procedurally barred from seeking relief under Section 2255, he still cannot claim that Section 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek Habeas Corpus relief under Section 2241. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000); see also, Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition.").

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion brought under Section 2255. The matter can then be transferred to the Trial Court, in order to allow the prisoner's claims to be addressed on the merits there. Here, however, dismissal, rather than a transfer, is the most appropriate disposition. Notably, if we were to construe Petitioner's pleading to be a Section 2255 Motion, and then transfer the matter back to the original Trial Court, the Petitioner's claims would likely be summarily dismissed, as being procedurally defaulted, since the Petitioner did not challenge his sentence on direct appeal, and has made no attempt to show cause and actual prejudice, or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).

"Because habeas relief is an extraordinary remedy which 'will not be allowed to do service for an appeal,' significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002), citing Bousley v. United States, supra at 621. Accordingly, a claim that is not raised on direct appeal is procedurally defaulted, unless the Petitioner can "first demonstrate either cause and actual prejudice, or that he is actually innocent." Becht

v. United States, 403 F.3d 541, 545 (8th Cir. 2005), citing Bousley v. United States, supra at 622.

The existence of "cause" for a procedural default must turn on some factor external to the defense, such as the availability of the claim. See Murray v. Carrier, 477 U.S. 478, 487 (1986). "[A] claim that is so novel that its legal basis is not reasonably available to counsel [for the Petitioner] may constitute cause for a procedural default." United States v. Moss, supra at 1001, quoting Bousley v. United States, quoting in turn Reed v. Ross, 468 U.S. 1, 16 (1984)[internal quotations omitted]. However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," Bousley v. United States, supra at 623, quoting Engle v. Issac, 456 U.S. 107, 130, n. 35 (1982), and accordingly, cause for the default is not established merely because the governing precedent of the Circuit, at the time of the direct appeal, "would have rendered [the] claim unsuccessful." United States v. Moss, supra at 1002.

The Supreme Court decided Booker while the Petitioner's direct appeal of his conviction was pending before the Eighth Circuit Court of Appeals. In that appeal, the Petitioner did not raise any challenge to his sentence, and the issue was not addressed by the Court. While the Petition suggests that his claim for relief did not

arise until after the Supreme Court decided Booker, such a contention does not establish cause for the Petitioner's failure to raise his sentencing claim on direct appeal. Specifically, given that the holding in Booker was predicated on principles that had been set forth prior to the Petitioner's direct appeal, in Apprendi v. New Jersey, 530 U.S. 446 (2000), we cannot construe the Petitioners claims as being so novel that their legal basis was not reasonably available to the Petitioner at the time of his sentencing and direct appeal. See Ho Nam v. United States, 2005 WL 943630, at *3 (E.D. Va., April 20, 2005)("[I]n Apprendi v. New Jersey, * * * the Supreme Court addressed the core issues that led to its recent decision in Booker establishing the [Federal Sentencing] Guidelines as merely advisory, thus foreclosing any claim by petitioner that an objection to his sentencing on Booker-type grounds was not reasonably [available] to him or his counsel."); see also, White v. United States, 308 F.3d 927, 930 (8th Cir. 2002)("Apprendi claims may not be raised for the first time on collateral review."), citing United States v. Moss, supra at 1001. Therefore, recognizing the Petitioner's apparent inability to demonstrate cause for his failure to challenge his sentence on direct appeal, we decline to convert his Petition into a Section 2255 Motion, and transfer the matter to the original Trial Court, because that act would be futile, since the Trial Court would, in all likelihood, be compelled to summarily dismiss

Petitioner's claim as being procedurally defaulted. Accordingly, we recommend that the Petition simply be dismissed for lack of jurisdiction.[5]

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petitioner's application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be summarily DISMISSED for lack of jurisdiction.

Dated: September 12, 2005

s/Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

---

[5]The Petitioner might still be able to seek relief in the original Trial Court by bringing a Motion under Section 2255, as it appears that he is not barred from seeking such relief by the applicable one year statute of limitations, Title 28 U.S.C. §2255 [¶6], or by the restrictions on second and successive Section 2255 Motions, id. at ¶8. As a practical matter, however, it appears that any such Motion would be futile, as the Petitioner does not seem to assert any viable grounds for seeking relief under Section 2255.

**September 29, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 29, 2005**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.