UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CARLOS RIVERA,                                            Civil No. 05-1854 (JRT/RLE)

                 Petitioner,

v.                                                                  **ORDER ADOPTING REPORT AND RECOMMENDATION OF**
UNITED STATES OF AMERICA,                      **MAGISTRATE JUDGE**

                 Respondent.

Carlos Rivera, #10775-041, FCI Waseca, P.O. Box 1731, Waseca, MN 56093, petitioner *pro se*.

Joseph T. Dixon, III, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, for respondent.

Petitioner Carlos Rivera ("Rivera"), a federal prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated September 12, 2005, United States Magistrate Judge Raymond L. Erickson recommended dismissing Rivera's Petition for Writ of Habeas Corpus for lack of jurisdiction. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the

reasons set forth below, the Court overrules petitioner's objection and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

Rivera was convicted of having violated Federal drug laws and was sentenced to seventy-eight months' imprisonment. At sentencing, Rivera objected to a two-level enhancement for playing a leadership role. Rivera did not raise any Sixth Amendment challenge to the application of the guidelines. The district court upheld Rivera's objections, and sentenced him at the low end of the guidelines.

Rivera's conviction was affirmed on direct appeal to the Eighth Circuit Court of Appeals. *United States v. Rivera*, 410 F.3d 998 (8th Cir. 2005). He did not raise any arguments regarding his sentence on appeal. Rivera has not sought to challenge his conviction or sentence in a motion pursuant to 28 U.S.C. § 2255, and he now brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## ANALYSIS

Petitioner objects to the report and recommendation, arguing that his petition should not be dismissed under Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts. The Court disagrees.

The Rules Governing Section 2254 Cases may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, 2002 WL 31045849, at *2 (D. Minn. Sep. 10, 2002); *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1 (9th Cir. 1989); *Rothstein v. Pavlick*, 1990 WL 171789, at *3 (N.D. Ill. Nov. 1, 1990). Rule 4 provides

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal prisoner challenging a conviction must file the motion in the sentencing court under 28 U.S.C. § 2255.  *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The only exception to this "exclusive remedy" rule is that a federal prisoner may challenge the imposition of his sentence under 28 U.S.C. § 2241 if he can demonstrate that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

Petitioner has failed to offer any reason why a § 2255 motion would be "inadequate or ineffective."  Accordingly, the Court holds that petitioner may not seek habeas corpus relief under § 2241.

A court may, in certain instances, simply construe a § 2241 petition barred by the exclusive remedy rule as a § 2255 motion.  In this case, however, it would be futile to construe the petition as a § 2255 motion.  Petitioner seeks to collaterally attack his sentence based on *United States v. Booker*, 543 U.S. 220 (2005).  The Supreme Court decided *Booker* while petitioner's direct appeal of his conviction was pending before the Eighth Circuit Court of Appeals.  Although *Booker* does not apply retroactively, it does apply to cases that were pending on direct review when it was decided.  *Booker*, 543 U.S. at 268; *United States v. Pirani*, 406 F.3d 543, 548-49 (8th Cir. 2005).  For those cases, reviewing courts are to apply "ordinary prudential doctrines, determining, for example,

whether the issue was raised below and whether it fails the 'plain-error' test." *Booker*, 543 U.S. at 268; *Pirani*, 406 F.3d at 548-49.

A claim of *Booker* error is not preserved if the defendant failed to argue below that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), or that the guidelines were unconstitutional. *United States v. Norman*, 427 F.3d 537, 539 (8th Cir. 2005) (citing *Pirani*, 406 F.3d at 549-50). Because petitioner did not raise any challenge to his sentence, the plain error doctrine applies. *Id.* (citing *United States v. Ryder*, 414 F.3d 908, 917 (8th Cir. 2005). Plain error relief is warranted if the defendant can show that the district court committed an error, that is plain, which affected his substantial rights, and which, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

The first two factors are satisfied because the district court sentenced petitioner under the mandatory guidelines regime, "and we have previously determined that error to be plain." *United States v. Backer*, 419 F.3d 882, 884 (8th Cir. 2005). Under the next step, the defendant must show a "reasonable probability," based on the appellate record as a whole, that but for the error he would have received a more favorable sentence. *Pirani*, 406 F.3d at 551-52.

Here, there is nothing in the record to indicate that Rivera would have received a more favorable sentence under the advisory guidelines regime mandated by *Booker*. The sentence imposed was at the low end of the guidelines range. Sentencing at the bottom of

- 5 -

the range is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the *Booker* error. *Id.* at 553.

Therefore, the Court finds that it would be futile to construe petitioner's § 2241 petition as a § 2255 motion.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's Objection [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   April 25, 2006              s/ John R. Tunheim   
at Minneapolis, Minnesota.             JOHN R. TUNHEIM  
            United States District Judge